699 So.2d 257 (1997)
Frankie Lee JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3420.
District Court of Appeal of Florida, Fifth District.
August 8, 1997.
Rehearing Denied September 23, 1997.
*258 James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, Judge.
Frankie Lee Johnson was convicted of three counts of capital sexual battery on his six year old stepdaughter. His convictions were affirmed by this court in Johnson v. State, 642 So.2d 1379 (Fla. 5th DCA 1994). In his current appeal of the trial court's summary denial of that portion of his 3.850 motion directed to the ineffective assistance of counsel, Johnson contends that his counsel was ineffective in not calling two "alibi" witnesses, Davis and Smith, who would testify that Smith had sex with the mother of the victim and infected her with gonorrhea. Since the child victim was found to suffer this same malady, Johnson urges that this testimony would somehow support his innocence.
In his motion, Johnson does not explain how Davis became aware of this information or how his testimony would do anything but corroborate Smith's purported testimony. And even assuming that Smith would have testified that he infected the mother with gonorrhea, there is no indication in the motion that Smith would admit to the sexual battery of the victim. At trial, the mother did not deny that she had sex with Smith. She did deny that he had infected her with gonorrhea. She testified that Johnson had gonorrhea and was taking the same medication prescribed for her. She also testified that although she had sex with Smith on two occasions, he never had access to the victim. And the victim was clear in her testimony that it was Johnson, and only Johnson, that assaulted her some fifty times.
Even if Smith testified as suggested by Johnson, the only benefit of his testimony would be to refute the mother's testimony that Smith did not have gonorrhea. If the failure to permit this impeachment of the mother on this collateral matter was error, it was harmless.
AFFIRMED.
PETERSON, C.J., and GOSHORN, J., concur.